ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 19 2005

at 4 o'clock and 03 min. P.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DOUGLAS PAAHAO,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 05-00574 HG-BMK<br>Criminal No. 04-00171 HG<br><br>**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** |

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Douglas Paahao, ("Movant"), pled guilty to possessing with intent to distribute 5 or more grams of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. § 841 (a)(1). Movant was sentenced to 60 months imprisonment followed by 4 years supervised release, and a $100.00 special assessment.

Movant has filed for habeas corpus relief pursuant to 28 U.S.C. § 2255. Movant argues that his sentence is unconstitutional pursuant to United States v. Booker, 543 U.S. 220 (2005). Movant also alleges three ways in which he received ineffective assistance of counsel: 1) Movant contends that counsel should have moved to stay sentencing until Booker was

decided; 2) counsel failed to argue a downward departure for sentencing disparity given the minimal weight of the substance involved; and 3) counsel failed to present "mitigating family circumstances" that would warrant a downward departure.

Movant, in the "Petitioner's Traverse to Respondent's Response to 28 U.S.C. § 2255", filed on November 30, 2005, submitted new arguments for ineffective assistance of counsel. Movant's new allegations of ineffective assistance of counsel include: 1) Counsel was ineffective in allowing his client to plead guilty without a written plea agreement; 2) Counsel should have strenuously argued for a "personal use" charge in light of the small quantity involved; 3) Counsel should have argued pre-arrest rehabilitation facts both at the plea bargain stage and at sentencing; 4) The welfare of his two teenage children and their need of their father is a critical issue that should have played a part in the plea bargain and again at sentencing; and 5) Counsel should have filed a motion with this Court to postpone sentencing until after the Booker decision.

Movant's arguments regarding a written plea agreement and "pre-arrest rehabilitation" are allegations that were not set forth in Movant's original pleading. Local Rule 7.4 states that "A reply must respond only to arguments raised in the opposition. Any arguments raised for the first time in the reply shall be disregarded." Though Movant's new allegations are not in

response to the Government's arguments, the Court will still consider them, as allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Movant's arguments regarding his claims are insufficient to provide him with habeas relief and must be dismissed.

For the reasons set forth below, the Motion for habeas corpus relief pursuant to 28 U.S.C. § 2255 is DENIED.

**PROCEDURAL HISTORY**

On April 22, 2004, a one-count indictment was filed in the United States District Court, District of Hawaii, charging Movant with knowingly and intentionally possessing with intent to distribute five (5) grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. § 841 (a)(1).

On July 8, 2004, Movant orally pled guilty to the one-count indictment before U.S. Magistrate Judge Kevin S.C. Chang ("Judge Chang").

On July 22, 2004, this Court accepted Movant's guilty plea, and adjudged Movant guilty of the one-count indictment.

On December 6, 2004, Movant was sentenced to 60 months imprisonment followed by 4 years of supervised release, and a $100 special assessment. Movant did not appeal the judgment or sentence.

On April 14, 2005, Movant filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Motion for Emergency Hearing for Writ of Habeas Corpus in the Central District of California naming Joseph Woodring respondent.

On May 3, 2005, United States District Judge Alicemarie H. Stotler ("Judge Stotler") of the Central District of California issued an order transferring Movant's said petition and motion to this Court. Judge Stotler construed Movant's habeas petition and motion as a petition and motion pursuant to 28 U.S.C. § 2255.

On June 1, 2005, the United States District Court for the District of Hawaii received Movant's habeas petition and motion.

On June 20, 2005, this Court issued an Order Notifying Movant of the Court's Intention to Construe Movant's pleading Requesting Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed on April 14, 2005 in the United States District Court for the Central District of California, as a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 and Giving Movant the Opportunity to Withdraw or Amend His Pleading and Denying "Motion for Emergency Hearing for Writ of Habeas Corpus."

On July 20, 2005, the Court received a pleading from Movant entitled "Notice of Motion to Voluntarily Dismiss and Withdraw Petition of Habeas Corpus Pursuant to 28 U.S.C. § 2241 Without Prejudice."

On July 29, 2005, this Court issued an Order Dismissing Habeas Corpus Motion Without Prejudice.

On September 7, 2005, Movant filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255.

On November 7, 2005, the United States filed a response to Movant's motion.

On November 30, 2005, Movant filed a traverse to respondent United States' response.

**STANDARD OF REVIEW**

28 U.S.C. § 2255 ("§ 2255") permits a prisoner to move the court which imposed his sentence to vacate, set aside, or correct the sentence on the grounds that the sentence was unlawfully imposed. 28 U.S.C. § 2255.

A court shall hold an evidentiary hearing on a prisoner's § 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A court need not hold an evidentiary hearing on a prisoner's § 2255 petition where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470

U.S. 1058 (1985). "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981)).

A habeas corpus movant must make two showings to succeed on an ineffective assistance of counsel claim. First, he must demonstrate that counsel's performance was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). Establishing deficient performance requires proving that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, the movant must show that the deficient performance prejudiced him by affecting the outcome of his case. Id. The movant must demonstrate that "but for his counsel's ineffectiveness, the result of his proceedings would have differed." Riggs v. Fairman, 399 F.3d 1179, 1182 (9th Cir. 2005).

Where a movant alleges ineffective assistance of counsel in the context of a change of plea, the second prong of the Strickland test requires that the movant demonstrate he would not have pled guilty and would have proceeded to trial but for the ineffective assistance. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Nunes v. Mueller, 350 F.3d 1045, 1052 (9th Cir. 2003).

## ANALYSIS

### A. BOOKER ARGUMENTS

#### 1. Movant's Judgment Became Final Before the Booker Decision

Movant argues that his sentence violated the Sixth Amendment of the United States Constitution right to trial by jury pursuant to Booker. Movant contends that his sentence is unconstitutional, as he was sentenced under the United States Sentencing Guidelines which were later found to be merely advisory by the Supreme Court in Booker.

The Antiterrorism and Effective Death Penalty Act of 1996 places a one-year statute of limitations on 28 U.S.C. § 2255 motions. The statutory limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Equitable tolling of AEDPA's limitations period is allowed "only if extraordinary circumstances beyond a prisoner's control

make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations and citations omitted). No grounds for equitable tolling have been presented in the present case.

The determination of the date of final judgment in a criminal case for § 2255 statute of limitations purposes requires careful attention. If the movant does not pursue a direct appeal to the court of appeals, the conviction becomes final ten days after the entry of the district court's final entry of judgment or order. United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). The date of the judgment, Saturdays, Sundays, and court holidays are excluded. Fed. R. App. P. 26(a).

Movant's judgment was filed on December 15, 2004. He did not directly appeal his conviction. The conviction became final for the purposes of the AEDPA on December 30, 2004, ten days after the date of judgment, excluding the date of judgment, Saturdays, Sundays, and court holidays. Although Movant's § 2255 motion is timely filed, Movant cannot rely on the holding in Booker because Booker was decided on January 12, 2005, subsequent to the date Movant's judgment became final. Movant's argument must fail, as the holding of Booker is not applicable retroactively to cases which, like Movant's, were final before the Supreme Court issued the decisions in Booker or Blakely v. Washington, 54 U.S. 296 (2004).

2. **Booker Does not Apply Retroactively**

Movant's judgment was final before either the Blakely or Booker decision by the Supreme Court. In order for Movant to be entitled to the benefit of the rule announced in Booker, it would have to be retroactively applicable to cases on collateral review. Booker does not apply retroactively to cases on collateral review.

The Ninth Circuit Court of Appeals recently examined whether the holdings in Booker were to be applied retroactively in United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005). The Appellate Court in Cruz examined the analysis applied in Teague v. Lane, 489 U.S. 288 (1989) in finding that Booker does not apply retroactively to petitions brought under 28 U.S.C. § 2255. The Cruz Court found that "a new rule of constitutional law generally does not apply to convictions that have become final, unless it falls under certain exceptions." Cruz 423 F.3d at 1120. The Cruz Court held that "[i]n order to have a retroactive effect, new rules either must be substantive or, if procedural, they must be 'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" Id., citing Schriro v. Summerlin, 542 U.S. 348, 353 (2004).

In finding that the rule set forth in Booker will not be applied retroactively, the Appellate Court found that "...the Booker rule fits squarely within the Court's holding that a

'change in the law requiring that juries, rather than judges, make the factual findings on which a sentence is based [does] not announce a watershed rule of criminal procedure.'" Cruz 423 F.3d at 1120-1121, citing Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005) citing Schriro, 542 U.S. at 354-58. The Ninth Circuit Court of Appeals therefore held that "Booker is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of Booker's publication." Cruz 423 F.3d at 1121.

**B. INEFFECTIVE ASSISTANCE OF COUNSEL**

A habeas corpus movant must make two showings to succeed on an ineffective assistance of counsel claim. First, he must demonstrate that counsel's performance was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). Establishing deficient performance requires proving that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, the movant must show that the deficient performance prejudiced him by affecting the outcome of his case. Id. The movant must demonstrate that "but for his counsel's ineffectiveness, the result of his proceedings would have differed." Riggs v. Fairman, 399 F.3d 1179, 1182 (9th Cir. 2005).

In Movant's "Memorandum of Points and Authorities in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §

2255" and "Petitioner's Traverse to Respondent's Reply to 28 U.S.C. § 2255 Motion", Movant raises five separate arguments of ineffective assistance of counsel. Each allegation fails to state a claim for which relief may be granted.

1. **Counsel's Failure to Stay Sentencing until Booker and Fanfan Were Decided is Not Ineffective Assistance of Counsel**

Movant orally pled guilty under oath in front of United States Magistrate Judge Kevin Chang to at least five (5) grams of methamphetamine, its salts, isomers, and salts of its isomers, with the intent to distribute it. Pursuant to 21 U.S.C. § 841(b)(1)(B)(viii), a defendant convicted of possessing five (5) grams of methamphetamine, its salts, isomers, and salts of its isomers with the intent to manufacture, distribute, or dispense is subjected to the mandatory minimum of five (5) years imprisonment and a maximum of forty years imprisonment.

Since Movant admitted to possessing at least five (5) grams of methamphetamine, its salts, isomers, and salts of its isomers with the intent to distribute it and this Court sentenced Movant to the statutory minimum of five (5) years without making any independent determination on drug quantity, there are no potential Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely, or Booker issues present. The Ninth Circuit Court of Appeals has been clear in finding that "...Booker does not bear on mandatory minimums...." United States v. Cardenas, 405 F.3d 1046, 1048 (9th Cir. 2005).

As the statutory minimum is not affected by Booker, Movant's counsel was not deficient in his performance and Movant was not prejudiced when his counsel did not ask the Court to stay his sentencing until after the Supreme Court decided Booker. This allegation fails for failure to state a claim upon which relief can be granted.

2. **Counsel Was Not Ineffective in Allowing Movant to Plead Guilty Without a Written Plea Agreement**

Movant alleges that Counsel was ineffective in allowing Movant to plead guilty without a written plea agreement. This argument is without merit. Both the Government and counsel for Movant agreed that there was no plea agreement. (Sentencing Transcript 5:14-15, 12/06/04).

For a plea of guilty to be valid, the guilty plea must be knowing and voluntary. See Boykin v. Alabama, 395 U.S. 238 (1969). Movant does not allege that he was not informed of or did not understand his plea of guilty. Movant does not contend that his plea of guilty was in any way not knowing or voluntary. Movant does not allege that his plea did not conform with the requirements set forth in Rule 11 of the Federal Rules of Criminal Procedure. Movant has therefore failed to state a claim upon which relief can be granted.

3. **Counsel's Alleged Failure to Argue for a "Personal Use" Charge Does Not Result in Ineffective Assistance of Counsel**

Movant argues that counsel should have attempted to obtain a

"personal use" charge due to the minimal quantity of the confiscated drugs and Movant's drug abuse problems that were occurring at the time of the seizure. Movant also contends that the drugs were for Movant and his roommate, and that this should have enabled him to receive a "personal use" charge. At the plea hearing before United States Magistrate Judge Kevin Chang, Movant admitted under oath that the drugs were for him and his roommate.

[JUDGE CHANG]: Mr. Paahao, would you tell me in your -- in your own words what you did that constitutes the crime charged in this case?

[PAAHAO]: I went to-when the police came to search my house I was not home at the time. I was out --I was out buying drugs. And then when I came home I had -- had the drugs with me for -- for me -- for me and my roommate.

[JUDGE CHANG]: And the drugs that you had with you was it methamphetamine?

[PAAHAO]: Yes, it was.

[JUDGE CHANG]: Was it at least five grams of methamphetamine?

[PAAHAO]: Yes.

[JUDGE CHANG]: And that was for your use, but also your -- you intended to provide it to your friend for his or her use?

[PAAHAO]: Yes.

[JUDGE CHANG]: So then, Mr. Paahao, do you agree that you are knowingly responsible for five grams or more of methamphetamine, its

salts, isomers, and salts of its isomers as charged in the indictment?

[PAAHAO]: Yes.

(Plea Tran., 7/08/04, 14:4-24.)

The Ninth Circuit Court of Appeals has specifically rejected this reasoning. In United States v. Wright, 593 F.2d 105 (9th Cir. 1979), the Court of Appeals found that the defendant had distributed heroin when he took twenty dollars from a friend, used the money to get the drugs for them, and they snorted the drugs together. The Wright Court stated that "Congress intended to prevent individuals from acquiring drugs for whatever purpose on behalf of others and then transferring the drugs to those others." Id. at 108.

Movant's argument clearly fails, as Movant admitted that he had procured the drugs for himself and for his roommate. Just like the defendant in Wright, Movant "...operated as the link between the person with whom he intended to share the [drug] and the drug itself." Id. The Ninth Circuit is clear in holding that "[u]nder the law of this circuit, the sharing of drugs constitutes a distribution under 21 U.S.C. § 841(a)(1)." United States v. Pearson, 391 F.3d 1072, 1075 (9th Cir. 2004).

Movant's argument also fails as he admits that he was selling drugs. The presentence report states that Movant "advised that he had been dealing crystal methamphetamine for 2-3 months to make ends meet." (Presentence Report, ¶ 11).

Defendant was also in possession of a Tanita digital scale.

As previously stated, the Court adopted the Probation Officer's findings as fact, and Movant did not object. Movant was charged with possession with intent to distribute over five grams of methamphetamine, its salts, isomers, and salts of its isomers. Movant's admittance to distributing illegal substances and his possession of dealing paraphernalia were correctly considered by the Court at sentencing.

**4. Movant Was Not Eligible for the Safety Valve**

Movant argues that a "personal use" charge would allow him to be eligible for the safety valve and allow him to receive a sentence below the mandatory statutory minimum. This claim fails as Movant was not eligible for the safety valve because he did not meet the requirements. In order to be eligible for the safety valve, the following requirements must be met:

> **(1)** The defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category);
>
> **(2)** The defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> **(3)** The offense did not result in death or serious bodily injury to any person;
>
> **(4)** The defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not

> engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
>
> **(5)** Not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2, 18 U.S.C.A.

Movant was sentenced according to the statutory mandatory minimum. Movant did not truthfully provide the Government with all information and evidence Movant had as required by section (5) of the statute. As a result of Movant's failure to truthfully provide the Government with all information and evidence as required by the statute, Movant is ineligible for the safety valve and has failed to state a claim upon which relief can be granted.

**5. Counsel's Alleged Failure to Ask for a Downward Departure Does Not Result in Ineffective Assistance of Counsel, As Under the Circumstances Present Here, Only the Government Could Have Been Granted a Downward Departure From the Mandatory Minimum.**

Movant alleges that his counsel was ineffective because counsel did not ask for a downward departure in light of the quantity of drugs Movant possessed, Movant's mitigating family circumstances, and Movant's pre-arrest rehabilitation. Since the Court found that Movant did not qualify for the safety valve,

Movant's only hope for a sentence below the statutory mandatory minimum was for a substantial assistance departure. A downward departure below a statutory mandatory minimum cannot be given absent a motion by the government unless the defendant can show that a refusal to file a motion is based upon an unconstitutional or arbitrary motive. See United States v. Mikaelian, 168 F.3d 380, 385 (9th Cir. 1999).

The Government did not move for a substantial assistance departure for Movant. The presentence report stated that the request for a decrease in sentencing was not made because the Movant did not provide full cooperation with the Government. Had Movant's counsel moved for a downward departure, the Court would not have granted it. The Court did not find that Movant met the criteria set forth in the "safety valve" provision, and the Government did not request a departure based on Movant's lack of cooperation. The Court therefore does not possess the authority to impose a sentence below the statutory mandatory minimum. See United States v. Diaz-Cardenas, 351 F.3d 404 (9th Cir. 2003), finding that the court did not err in failing to apply the safety valve when defendant did not satisfy the fifth provision of U.S.S.G. § 5C1.2, 18 U.S.C.A. See also United States v. Valente, 961 F.2d 133, 134-135 (9th Cir. 1992), citing United States v. Sharp, 883 F.2d 829, 831 (9th Cir. 1989) stating "[t]he district court may impose a sentence 'below [the] level established by the

statute as [a] minimum sentence,' ... only if, '[u]pon motion of the Government,' the court finds the defendant offered 'substantial assistance in the investigation....'"

Movant's counsel was not deficient in his performance and Movant was not prejudiced when his counsel did not seek a downward departure due to the quantity of drug for which Movant was convicted of possessing with intent to distribute.

6. **Movant's Remaining Allegations**

Movant's remaining allegations of ineffective assistance of counsel also fail to state a claim upon which relief can be granted. Movant alleges that his counsel should have argued mitigating family circumstances and "pre-arrest rehabilitation" in order to obtain a lighter sentence. These arguments lack merit.

As previously discussed, Movant was sentenced according to the statutory mandatory minimum, and the Government did not seek a downward departure due to Movant's failure to cooperate. Had Movant's counsel argued mitigating family circumstances and "pre-arrest rehabilitation," the Court would have still been unable to sentence Movant below the statutory minimum, the sentence Movant received. There is no evidence that Movant's counsel's performance was deficient and that Movant was prejudiced in any way.

**CONCLUSION**

1. Movant's Judgment became final before the United States Supreme Court decided Booker, and Booker does not apply retroactively.

2. Counsel's failure to stay sentencing until Booker was decided does not result in ineffective assistance of counsel.

3. The is no ineffective assistance of counsel when counsel allowed Movant to plead guilty without a written plea agreement.

4. Counsel's failure to argue for a "personal use" charge does not result in ineffective assistance of counsel.

5. Movant's remaining allegations also fail to state a claim upon which relief can be granted, as Movant was sentenced to the mandatory minimum sentence allowed by statute.

In accordance with the foregoing, the Court HEREBY ORDERS that:

The Motion for habeas corpus relief pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 19, 2005.

Helen Gillmor
Chief United States District Judge

Douglas Paahao v. United States of America, Civil No. 05-00574 HG-BMK, Criminal No. 04-00171 HG; **ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY.**